**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS LOPEZ-ALGUERA, | No. 18-70524 |
| Petitioner, | Agency No. A205-484-629 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2023[**]
Portland, Oregon

Before: MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

Petitioner Jose Luis Lopez-Alguera appeals a decision and final order of the

Board of Immigration Appeals (BIA) denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lopez-Alguera's claims are based on a single incident that took place in his native El Salvador. After being beaten and robbed by four men, Lopez-Alguera received a letter threatening further harm if he did not pay them additional money. A few days later, Lopez-Alguera recognized one of the men as a uniformed police officer. He fled El Salvador shortly thereafter.

Although Lopez-Alguera raises numerous arguments on appeal, we only consider the grounds discussed by the BIA. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). The BIA denied Lopez-Alguera's claims for asylum and withholding of removal based solely on his failure to establish membership in a cognizable particular social group.

An applicant for asylum must prove past or future persecution "on account of one or more protected grounds," *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021), one of which is "membership in a particular social group." 8 U.S.C. § 1158(b)(1)(B)(i). Before the BIA, Lopez-Alguera argued that he is a member of the social group consisting of people "who are targeted by corrupt law enforcement because they are specifically identified as a threat to the continued practice of extortion and criminal activity among police officers." However, in his opening brief filed in this court, Lopez-Alguera frames his social group as "those who witness police corruption and are opposed to it." These are two distinct groups, and Lopez-Alguera may not re-define his group on appeal. *See Diaz-Reynoso v. Barr*, 968 F.3d

1070, 1084 (9th Cir. 2020) (citing *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191–92 (BIA 2018)). Having failed to make arguments in support of the social group that he presented to the BIA, Lopez-Alguera has waived his challenge to the BIA's decision on this issue. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013). And since the standard for withholding of removal is the same as for asylum but "more stringent[,]" *Garcia*, 988 F.3d at 1146, Lopez-Alguera's arguments regarding withholding of removal are similarly waived.

Lopez-Alguera's claim for protection under the CAT also fails. To receive CAT protection, he must show that he would more likely than not be tortured if removed. 8 C.F.R. § 1208.16(c)(2). While there is widespread violence and police corruption in El Salvador, these general country conditions do not establish that Lopez-Alguera faces a particularized risk of torture rendering him eligible for CAT protection. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 752 (9th Cir. 2022). A single incident of harm by a low-level police officer in one town eight years ago does not create a greater than fifty percent chance that Lopez-Alguera will be subject to "extreme," "cruel," and "inhuman" treatment by a public official if he is required to return. *Id.* § 1208.18(a); *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022).

**PETITION DENIED.**